IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTHER DENISE EMERICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 13-1799 |

O R D E R

AND NOW, this 11th day of March, 2015, upon consideration of Defendant's Motion for Summary Judgment (document No. 11) filed in the above-captioned matter on June 30, 2014,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on May 30, 2014,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

On November 29, 2010, Plaintiff Esther Denise Emerick filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, and for

Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f.  Specifically, Plaintiff claimed that she became disabled on December 1, 2009, due to depression, diabetes, back and leg pain, high blood pressure, Hepatitis C, bipolar disorder, asthma, and anxiety.  (R. 131, 138, 153).

After being denied initially on January 11, 2011, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on April 4, 2012.  (R. 69-78, 79-80, 35-52).  In a decision dated August 16, 2012, the ALJ denied Plaintiff's request for benefits.  (R. 20-31).  The Appeals Council declined to review the ALJ's decision on October 25, 2013.  (R. 8-10).  Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record.  See 42 U.S.C. § 405(g).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181

F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to

3

do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d),

416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through December

31, 2009. (R. 22). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since December 1, 2009, the alleged onset of disability. (R. 22). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, bilateral knee mild arthritis; status post arthroscopic surgery of the left knee; degenerative arthritis of the left shoulder; degenerative disc disease of the lumbar spine; diabetes mellitus; major depressive disorder, recurrent; post-traumatic stress disorder; and obesity. He further found that Plaintiff's alleged asthma, hypertension, and Hepatitis C did not constitute severe impairments. (R. 22-23). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 23-25).

The ALJ found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she requires a sit-stand option and is able to perform only low stress work. (R. 25-29). The ALJ

found that Plaintiff has no past relevant work and, therefore, moved on to Step Five. (R. 29). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including unskilled assembler, unskilled packer, and unskilled sorter/grader. (R. 30-31, 51). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 31).

**IV. <u>Legal Analysis</u>**

Plaintiff argues that the ALJ's mental RFC finding is legally and factually insufficient. While the Court does not necessarily fully agree with Plaintiff's assertions, it does agree that further discussion is needed in regard to the ALJ's RFC finding. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision, and it will remand the case for further consideration.

As Plaintiff points out, the RFC, in regard to Plaintiff's mental limitations, restricted her only to low stress work. (R. 25). This, likewise, was the only mental limitation included in the hypothetical question posed to the VE. (R. 51). While, contrary to Plaintiff's argument, such an RFC finding is not

7

"impermissibly vague" as a matter of law, it does not appear to encompass certain limitations contained in at least one opinion to which the ALJ assigned significant weight, that of the state reviewing agent, Mary DiMartino. Therefore, the matter must be remanded for the ALJ to provide further explanation as to the impact of Ms. DiMartino's opinion on the RFC.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d at 40. See also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

In her opinion, the state reviewing agent found that Plaintiff had moderate limitations in understanding, remembering, and carrying out detailed instructions; in maintaining attention and concentration for extended periods; in working in coordination with or in proximity to others without being distracted by them; in completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; in interacting appropriately with the general public; in accepting instructions and responding appropriately to criticism from supervisors; and in responding appropriately to changes in the work setting. (R. 56-57). The ALJ acknowledged several of these findings in discussing this opinion, and expressly assigned significant weight to the opinion. However, the mental portion of the RFC

9

limits Plaintiff only to low stress work.  The ALJ did not provide any specific definition as to what is encompassed by "low stress work," but, on its face, it does not appear to include all of the limitations found by Ms. DiMartino, including those -- such as the moderate limitations in understanding and remembering detailed instructions and in working in coordination with or in proximity to others, including in interacting appropriately with the general public -- that the ALJ specifically referenced in his decision.

The Court is simply unable to determine how, if at all, the ALJ factored the limitations found by Ms. DiMartino into the formulation of the RFC.  It is possible that he felt that the limitation to low stress work encompassed all of these limitations, even though it is not at all apparent on the face of the restriction to low stress work that this is what was intended.  It is possible that he rejected the limitations other than those involving stress tolerance. Regardless, the Court cannot review the determination without knowing the ALJ's rationale. See Fargnoli, 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.")(quoting SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943)).  Therefore, remand is necessary for a more thorough and specific discussion of the formulation of the RFC in light of the state reviewing

agent's opinion (and, of course, the other evidence in the record).[1]  The Court emphasizes that it is not suggesting that any specific limitations must be included in the RFC or in the hypothetical question.  Indeed, the Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical in regard to Plaintiff's mental impairments *could* be supported by the record.  It is the need for further explanation that mandates the remand on this issue

**V.  Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's formulation of Plaintiff's RFC and his finding that Plaintiff is not disabled are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case.  The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[1]    The Court does note that, contrary to Plaintiff's argument, the ALJ did expressly accord "little weight" to the opinion of the consultative examiner, Dr. John Carosso, Psy.D.  The Court will, however, leave it to the ALJ to determine the weight to be given to this opinion on remand in light of his re-examination of the impact of the state reviewing agent's opinion.